UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON, #495156,

                     Plaintiff,                              Hon. Hala Y. Jarbou

v.                                            Case No. 1:20-cv-859

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

                     Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 43). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against the Michigan Department of Corrections, Corizon Medical, and eight individuals. (ECF No. 1). Most of Plaintiff's claims were dismissed on screening. (ECF No. 5-6). At this juncture, only one defendant remains: Physician's Assistant David Huyge who now moves for summary judgment. With respect to Defendant Huyge, Plaintiff alleges the following.

Prior to his incarceration with the MDOC, Plaintiff suffered from a seizure disorder for which he was prescribed medication. On February 12, 2020, Plaintiff was transferred from the Michigan Reformatory (RMI) to the Ionia Correctional Facility

-1-

(ICF).   On February 24, 2020, Defendant Huyge informed Plaintiff that he was going to decrease the dosage of anti-seizure medication.   This change took effect two days later.   Plaintiff submitted several kites regarding this change and was informed by a nurse, on March 9, 2020, that Huyge had again decreased the dosage of his anti-seizure medication.   On March 17, 2020, Huyge discontinued Plaintiff's anti-seizure medication.

Between July 2, 2020, and August 2, 2020, Plaintiff suffered five seizures.   On August 13, 2020, Plaintiff was examined by Defendant Huyge.   Plaintiff requested that his prescription for anti-seizure medication be reinstated.   Huyge refused, informing Plaintiff that "ICF Health Care will never provide him with proper care because he wrote grievances on them."   Plaintiff alleges that Defendant Huyge denied him medical treatment in violation of his Eighth Amendment rights and subjected him to unlawful retaliation in violation of his First Amendment rights.   Defendant Huyge now moves for summary judgment.   Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).   The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).   Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.   Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

### I.    Eighth Amendment

The Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs."   *Estelle*, 429 U.S. at 104-06.   The analysis by which a defendant's conduct is evaluated consists of two-steps.

First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.   A "serious medical need," sufficient to implicate the Eighth Amendment, is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."   *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008).   Thus, the objective component is satisfied where a prisoner receives no treatment for a serious medical need.   *See Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).   But, if the prisoner "has received on-going treatment for his condition and claims that this treatment was inadequate," he must demonstrate that his care was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."   *Ibid.*

-4-

If the prisoner satisfies the objective component, he must then demonstrate that the defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff "must present evidence from which a trier of fact could conclude 'that the official was subjectively aware of the risk' and 'disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294.   To satisfy this part of the analysis, the prisoner must demonstrate that the defendant acted with "deliberateness tantamount to intent to punish." *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005).

To the extent, however, that Plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, summary judgment is appropriate. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle*, 429 U.S. at 105-06) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (to prevail on an Eighth Amendment denial of medical treatment claim, "the inmate must show more than negligence or the misdiagnosis of an

ailment"); *Robbins v. Black*, 351 Fed. Appx. 58, 62 (6th Cir., Nov. 3, 2009) ("mere negligence or malpractice is insufficient to establish an Eighth Amendment violation").

Plaintiff alleges that Defendant Huyge refused to provide him with anti-seizure medication. In support of his motion for summary judgment, Defendant Huyge has submitted evidence regarding the treatment Plaintiff has received. This evidence reveals the following.

Treatment notes dated February 4, 2020, indicate that Plaintiff "refused" four consecutive doses of his anti-seizure medication, Dilantin. (ECF No. 43-2, 43-3, PageID.244, 294). On February 12, 2020, Plaintiff was transferred to ICF. (*Id.*, PageID.246). Plaintiff met with Defendant Huyge on February 21, 2020. (*Id.*, PageID.257-58). Defendant noted Plaintiff's history of noncompliance taking Dilantin. (*Id.*, PageID.257). Defendant ordered that testing be accomplished to assess the level of Dilantin in Plaintiff's blood. (*Id.*, PageID.258).

On February 24, 2020, Plaintiff reported that he only takes Dilantin "occasionally" because "I get paranoid and don't always trust you people." (*Id.*, PageID.259). Plaintiff reported that he last suffered a seizure in 2018 and that his Dilantin levels were "usually subtherapeutic." (*Id.*). Test results confirmed that Plaintiff's Dilantin levels were below therapeutic levels. (*Id.*, PageID.267, 295). Accordingly, Defendant Huyge decided to wean Plaintiff off Dilantin. (*Id.* at PageID.295).

-6-

Plaintiff subsequently reported experiencing seizures, but observation and examination failed to confirm that he was experiencing seizures requiring medication. (*Id.*, PageID.275-85, 288, 295-97).   A nurse informed Plaintiff that "there must be more objective information indicating seizure activity before the seizure medication can be ordered."   (*Id.*, PageID.287).   On August 13, 2020, Plaintiff reported that he was "doing well" and attributed his "recent behavior" to "stress related to being in new start program."   (*Id.*, PageID.288).   Defendant Huyge noted that he would nevertheless "continue to monitor for objective seizure findings."   (*Id.*, PageID.290).   Treatment notes dated October 20, 2020, indicate that there had been "no evidence of recent reported or witnessed seizure activity."   (*Id.*, PageID.292).   Treatment notes dated November 11, 2020, indicate the same.   (*Id.*, PageID.293).

While Plaintiff's frustration is understandable, the evidence submitted by Defendant reveals that Plaintiff is receiving medical treatment, just not the treatment he wants.   The material submitted by Plaintiff simply reiterates his disagreement with the treatment decisions by Defendant and others.   Plaintiff has failed to present evidence suggesting that he is being denied treatment or is receiving "grossly incompetent" treatment.   As already noted, however, mere disagreement with a medical professional's treatment decisions does not implicate the Eighth Amendment. Likewise, while Plaintiff may believe Defendant has committed malpractice, such does implicate the Eighth Amendment.   Accordingly, the undersigned recommends that

Defendant's motion for summary judgment be granted as to Plaintiff's Eighth Amendment claim.

## II.   Retaliation

Plaintiff alleges that Defendant Huyge refused to reinstate his antiseizure medication in retaliation for filing grievances against ICF staff.   To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct.   *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

Plaintiff's claim fails because he cannot establish causation.   With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence."   *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken.   *Thaddeus-X*, 175 F.3d at 399 (citations omitted).   Conclusory allegations of retaliatory motive are insufficient, however.   *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004).   Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred.   *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).   *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor in the defendant's action.   Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that she "would have taken the same action even without the protected activity."   *Eby*, 481 F.3d at 441-42.   Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury.   Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive."   *Nieves v. Bartlett*, 139 S.Ct. 1715, 1722 (2019).

Plaintiff has failed to present evidence from which a reasonable juror could find that his protected conduct was in any way a motivating factor in Defendant's conduct. Plaintiff repeatedly asserts the conclusion that Defendant retaliated against him, but he has failed to present evidence articulating a chronology of events from which retaliation can plausibly be inferred.   Moreover, even if the Court assumes that Plaintiff can clear this hurdle, Defendant asserts that his treatment decisions were based upon his "medical training and knowledge" and the results of examinations conducted by himself and others.   (ECF No. 43-3, PageID.294-97).   This assertion is supported by the medical

evidence discussed above.   Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted as to Plaintiff's First Amendment claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 43) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 4, 2021                    /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge